UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
IN LOUISVILLE

| | | |
|---|---|---|
| ANALIA D. TOROS | ) | |
| | ) | |
| PLAINTIFF | ) | |
| | ) | |
| V. | ) | CIVIL ACTION NO. |
| | ) | 3:06CV-565-H |
| | ) | _____ |
| NATIONWIDE CREDIT, INC . | ) | |
| C/O Registered Agent, | ) | |
| CORPORATION PROCESS | ) | Filed Electronically |
| COMPANY | ) | |
| 180 CHEROKEE ST. NE | ) | |
| MARIETTA , GA 30060 | ) | |
| | ) | |
| | ) | |
| DEFENDANT | ) | |

## VERIFIED COMPLAINT

### I. PRELIMINARY STATEMENT

1. This case is brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act 15 U.S.C. § 1692- 1692(o) ("FDCPA") which expressly prohibits a debt collector from engaging in abusive, deceptive, and unfair debt collection practices and for violations of the Kentucky Consumer Protection Act, as a pendant state claim.

2. This case presents serious, willful and malicious debt collection abuse by the defendant NATIONWIDE CREDIT, INC. Violations include seeking to collect amounts not permitted by law, failing to send validation

1

notice, failure to adequately verify the debt, misrepresenting plaintiff's liability for the debt, using other unconscionable and deceptive collection means such as threatening to ruin her credit and intimidating and abusive behavior.

## II JURISDICTION

3. Jurisdiction of this Court is invoked pursuant to 15 U.S.C. §1640(e), 15 U.S.C. §1692k (d) and 28 U.S.C. §1337.

4. The jurisdiction of this court for the pendent claims is authorized by Fed. R. Civ. P. 18(a).

## III VENUE

4. Venue in the Western District of Kentucky is proper.

## IV PARTIES

5. Plaintiff is a "consumer" as defined in the Act at 15 U.S.C. §1692a (3); she lives in Louisville, Jefferson County, Kentucky.

6. Defendant is a "debt collector" as defined in the Act at 15 U.S.C. §1692a (6) which regularly collects or attempts to collect debts owed or due or asserted to be owed or due another

7. Defendant is owned by a Canadian private equity firm Bayshore Capital and is incorporated under the laws of Georgia, but regularly engages in and transacts business in the Commonwealth of Kentucky and throughout the United States through the use of the United States mails, telephone or other instrumentality of interstate commerce from its offices.

8. The alleged debt for which the defendant was attempting to collect was a consumer debt in that the alleged debt is, according to Defendant, a personal debt from an American Express revolving charge account, and on information and belief, was the legal debt of Plaintiff's former husband.

## V FACTUAL ALLEGATIONS

9. Defendant was attempting to collect a debt that it alleges was created by contract setting up a revolving credit account with American Express.

10. Plaintiff believes that she was never legally responsible for this account with American Express.

11. Plaintiff states that at one time she had an account with American Express but that account was paid in full and closed.

12. Plaintiff states that she believes that her former husband had an account with American Express but she does not believe that she ever agreed to be liable for that account.

13. Defendant has never to this date sent Plaintiff notice of her validation rights.

14. Plaintiff repeatedly requested, by telephone, a statement or bill that showed any liability on her part; Defendant never complied.

15. Plaintiff repeatedly informed Defendant that she believed that this account was not hers but may belong to her former husband.

16. Defendant misrepresented to her that she was responsible to pay

3

her husband's account even if she did not apply for the credit in her own name and that if she did not pay, they would ruin her credit.

17. Defendant yelled at her "YOU ARE WASTING MY TIME," and Defendant ridiculed Plaintiff's accent, claiming that they couldn't understand her. (She is a citizen of Argentina; she is a legal resident of the United States.)

18. Because of the misrepresentations and intimidation, Plaintiff paid Defendant a total of $7,540.32. (See Exhibits A and B, attached hereto.)

## VI CAUSES OF ACTION

### A. FDCPA VIOLATIONS

19. Plaintiff re-alleges and incorporates by reference as though fully set forth herein each and every allegation set forth above.

20. Without limiting the scope of Defendants' liability, Defendants' conduct as enumerated herein, at least, constituted the following violations of the Act as set forth herein:

(a) threatening to take any action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. §1692e (5);

(b) generally engaging in conduct through the use of any false, deceptive or misleading representation or means to collect or attempt to collect any debt in violation of 15 U.S.C. §1692e(10);

(c) falsely representing the character, amount, or legal status of any debt; or any services rendered or compensation which may be lawfully

4

received by any debt collector for the collection of a debt, including threatening to sue an individual whom the collector knew or should have known was not legally liable upon the debt, in violation of 15 U.S.C. §1692e(2);

21. The FDCPA violations were intentional, willful and malicious.

22. Defendants are liable to the plaintiff for actual, statutory and punitive damages pursuant to this cause of action.

### B. KENTUCKY CONSUMER PROTECTION ACT

23. Plaintiff re-alleges and incorporates by reference as though fully set forth herein each and every allegation set forth above.

24. The transaction described above constitutes trade or commerce that is covered within the scope of the Consumer Protection Act (KRS Chapter 367).

25. The defendant has committed numerous unfair, deceptive and misleading acts and practices prohibited by the Kentucky Consumer Protection Act, including but not limited to the following:

(a) attempting to collect a debt from her that it was not legally authorized to collect;

(b) engaging in conduct through the use of any false, deceptive or misleading representation or means to collect or attempt to collect a debt;

(c) falsely representing the character, amount, or legal status of the debt, including threatening to sue an individual whom the defendant knew or

should have known was not legally liable upon the debt;

26. The Kentucky Consumer Protection Act violations were intentional, willful and malicious.

27. Defendants are liable to the plaintiff for both actual and punitive damages and attorney's fees pursuant to this cause of action.

## PRAYER FOR RELIEF

Plaintiff prays for the following relief:

(A) for a judgment against Defendant for statutory damages;

(B) for a judgment against Defendant for all actual damages which she may be able to prove and any additional pecuniary loss she may have suffered;

(C) for a judgment against Defendant for punitive damages;

(D) for reimbursement of or payment for reasonable attorney's fees incurred by counsel for the plaintiff in connection with the successful prosecution of this claim;

(E) for reimbursement for all costs and expenses incurred in connection with the successful prosecution of this claim;

(F) for a trial by jury on all appropriate issues; and,

(G) for any and all other relief this Court may deem appropriate

Respectfully submitted by:

*/s/*Ellen G. Friedman

>  Ellen G. Friedman
>  Attorney for Plaintiff
>  125 S. 6th St, Ste. 300
>  Louisville, Ky. 40202
>  (502)587-2000
>  (502) 587-1126 facsimile
>  efried@iglou.com

## VERIFICATION

I have read the forgoing complaint and all the facts contained therein are true and accurate to the best of my knowledge.

>  /s/ANALIA D. TOROS
>  ANALIA D. TOROS

Subscribed and sworn to before me by ANALIA D. TOROS, this 3rd day of November 2006.

My commission expires: 07-01-2007 _____.

>  /s/ Debra Morgan
>  _____
>  NOTARY PUBLIC
>  KENTUCKY, STATE AT LARGE

7